http://www.va.gov/vetapp16/Files4/1634359.txt

Citation Nr: 1634359 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 07-26 854 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado

THE ISSUE

Entitlement to service connection for a bilateral knee disorder, to include as secondary to the service-connected lumbar spine disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

J.E. Tracy, Associate Counsel

INTRODUCTION

The Veteran had active service from February 1980 to November 1986 and from March 1987 to March 1990.

This matter was initially before the Board of Veterans' Appeals (Board) on appeal from a July 2006 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. A hearing before the undersigned Veterans Law Judge was held in September 2010. The Board denied the claim in a May 2014 decision. The Veteran appealed that decision to the Court of Appeals for Veterans Claims (Court), and by a December 2014 Order, the Court vacated the decision and remanded it for adjudication pursuant to the Joint Motion for Remand. In February 2015, the Board remanded the claim for additional development.

The matter returned to the Board and the Board denied the claim in a November 2015 decision. The Veteran appealed that decision to the Court. Pursuant to a July 2016 Joint Motion for Partial Remand (JMPR), the Court entered an order vacating the November 2015 Board decision and remanding the case to the Board for compliance with the JMPR. The parties noted that, to the extent that the Board denied service connection as secondary to the Veteran's gout, the Veteran elected to abandon that portion of the appeal. The issue addressed in the JMPR is limited to whether the Veteran's bilateral knee disorder is secondary to his service-connected lumbar spine disability.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

As noted above, the Board has remanded this claim before. The main obstacle has been obtaining an adequate medical opinion on whether the Veteran's bilateral knee disorder is caused or aggravated by his service-connected lumbar spine disability. 

The Veteran has previously stated that he believes his knee condition is the result of an antalgic gait, that itself is the result of his lumbar spine disability. The most recent VA examiner found that not to be the case in a June 2015 report.

In rendering his opinion, the examiner noted that the Veteran had "very mild antalgic due to the surgery on the left knee," that it was "minimal" and "expected to resolve." The examiner further stated that, "I was not able to locate any evidence of gait abnormality in the office notes, nor in the VBMS file. However, time did not allow for a comprehensive review of each note." The examiner thereupon opined that "[t]he self-reported history of years of an antalgic gait (with no objective medical evidence) has NOT caused or aggravated his claimed bilateral knee disability."

The parties agreed that the opinion is inadequate because it is based on an inaccurate factual premise. There is evidence that the Veteran has a history of an antalgic gait; specifically, in a June 2011 examination report and a January 2014 primary care physician note. To rectify this evidentiary defect, the case is remanded for a new VA opinion concerning the etiology of the Veteran's claimed bilateral knee disorder, to include as secondary to the Veteran's lumbar spine disability, based on a complete review of the claims file.

Accordingly, the case is REMANDED for the following action:

1. Forward the claims folder to a properly qualified VA examiner to determine the current nature and likely etiology of the Veteran's bilateral knee condition.

Based on the review of the record, the examiner is asked to address the following questions:

(a) Whether it is at least as likely as not (i.e. probability of at least 50 percent) that any currently diagnosed bilateral knee disorder is proximately due to (caused by) a service-connected disability, including the lumbar spine disability?

(b) If (a) is answered no, is it at least as likely as not (probability of at least 50 percent) that any currently diagnosed bilateral knee disorder has been aggravated by a service-connected disability, including the lumbar spine disability?

In providing opinions, the examiner is requested to comment on the Veteran's contention that an antalgic gait from his lumbar spine disability has caused or aggravated his bilateral knee disorder. Further, the examiner should discuss as necessary the evidence of an antalgic gait in the Veteran's medical history, specifically in the June 2011 examination report and the June 2014 primary care physician note.

The examiner is informed that aggravation is defined for legal purposes as a chronic worsening of the underlying condition versus a temporary flare-up of symptoms, beyond its natural progression. If aggravation is present, the clinician should indicate, to the extent possible, the approximate level of knee disability (i.e., a baseline) before the onset of the aggravation.

If the examiner cannot provide an opinion without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

2. Then, readjudicate the claim on appeal. If the benefit sought on appeal is not fully granted, issue a supplemental statement of the case before returning to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M.E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).